**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52071**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 17, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER CURTIS WILLIAMS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for malicious injury to property, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Christopher Curtis Williams pled guilty to malicious injury to property, Idaho Code § 18-7001. In exchange for his guilty plea, an additional charge was dismissed.[1] The district court sentenced Williams to a unified term of four years, with a minimum period of confinement of two years; however, the district court suspended the sentence and placed Williams on probation for four years. Williams appeals, arguing that his sentence is excessive.

_____

[1] Williams also agreed to plead guilty to another charge in another county and the State agreed to dismiss two other cases in their entirety.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Williams's judgment of conviction and sentence are affirmed.